UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, INC. ET AL. | CIVIL ACTION |
| VERSUS | NO. 13-511 |
| GERALD DITTA | SECTION "I" (2) |

## ORDER AND REASONS ON MOTIONS

This is an action under the federal Fair Housing Act. 42 U.S.C. 3601 et seq. Plaintiffs, Greater New Orleans Fair Housing Action Center, Inc. ("the Center") and Kawana Clark, allege that defendant, Gerald Ditta, discriminated against Clark and perhaps other prospective tenants based on race and gender in his decisions on whether to extend leases for rental property he owns. During its pre-lawsuit investigation of Ditta's leasing practices, the Center surreptitiously recorded a number of Ditta's statements and conducted surveillance of him in his dealings with agents of the Center posing as prospective tenants. Plaintiffs now refuse to produce those secretly recorded materials to Ditta, including his own statements, even though they have been requested in discovery, probably should have already been disclosed even without request as part of plaintiffs' mandatory disclosures, and apparently may be used by plaintiffs at trial, until after Ditta provides his own discovery responses and deposition testimony.

Two related motions are pending before me: (1) Plaintiffs' Motion to Compel Discovery Responses and for a Protective Order, Record Doc. No. 19; and (2) Defendant's

Motion to Compel Plaintiffs to Produce Recordings and Narratives of Defendant's Own Statements, Record Doc. No. 21.  Timely written opposition memoranda to both motions have been filed.  Record Doc. Nos. 25 and 26.  Both sides were granted leave to file replies.  Record Doc. Nos. 30 and 32.  Having considered the record, the applicable law and the written submissions of counsel, I reject plaintiffs' position, grant defendant's motion and issue the order contained herein concerning the sequence of discovery.

Plaintiffs' motion to compel seeks two kinds of relief: (1) an order compelling defendant to answer their Interrogatories Nos. 3, 4, 5, 11 - 17 and Request for Production No. 1, which defendant has objected to answering until after he has received the surreptitiously obtained materials in plaintiffs' possession; and (2) "a protective order permitting disclosure of digital recordings and written summaries of tests conducted at Defendant's property until after Defendant responds to Plaintiffs' discovery requests and until after Defendant and his agents are deposed." Record Doc. No. 18 at p. 1.

Defendant's motion is the mirror image of plaintiffs' motion. In his motion, defendant also seeks two kinds of relief: (1) an order "compelling Plaintiffs to immediately produce to Defendant, in response to discovery requests propounded August 8, 2013, any and all electronic recordings and narratives evidencing Defendant's prior statements" and (2) a discovery sequencing order pursuant to Fed. R. Civ. P. 26(d)(2), permitting defendant to receive and review the secretly recorded materials from plaintiffs "prior to

2

supplementing his discovery responses and prior to the commencement of party and witness depositions." Record Doc. No. 21 at p. 1.

Fed. R. Civ. P. 26(d) addresses the sequence of discovery. "Unless, <u>on motion, the court orders otherwise</u>, . . . . (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery" (emphasis added).

As to discovery of a party's own prior statements, Fed. R. Civ. P. 26(b)(3)(C) provides: Any party . . . may, <u>on request and without the required showing</u>, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses."

As to motions for protective orders, Fed. R. Civ. P. 26(c)(1) provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order . . . The court <u>may</u>, <u>for good cause</u>, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, . . . for the . . . discovery."

The requirement "of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact <u>as distinguished from stereotyped and conclusory</u> statements.'" <u>In re Terra Int'l, Inc.</u>, 134 F.3d 302, 306 (5th Cir.

3

1998) (quoting United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (emphasis added)); see also United States v. Talco Contractors, Inc., 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged.").

It is my often-expressed opinion that Fifth Circuit case law and the applicable Federal Rules of Civil Procedure clearly and unambiguously require the production of a party's prior statements and surveillance materials before that party's deposition, when those materials have been requested in discovery and in the absence of a showing of good cause of the specific and particularized type required in In re Terra. Concerning a party's statements, see Vinet v. F & L Marine Management, Inc., 2004 WL 3312007 (E.D. La. April 29, 2004) (citing, among other things, Fed. R. Civ. P. 26(b)(3) and Miles v. M/V Mississippi Queen, 753 F.2d 1349, 1350-53, (5th Cir. 1985) (Judge Rubin explaining in Miles that the Rule 26(b)(3) requirement that a party's statement be produced upon request is "mandatory, not discretionary," that this "court's refusal to order production of the [plaintiff's] statements was erroneous," and that "[a] rule intended to prevent trial by ambush and to further adequate pretrial preparation has been violated . . . . A district court's failure to abide by the literal dictate of the rule is clearly error and we so hold.") (emphasis added)), Baggs v. Highland Towing, L.L.C., 1999 WL 539459 (E.D. La. July 22, 1999). Concerning surveillance materials, see Karr v. Four Seasons Maritime, Ltd., 2004 WL 797728 (E.D. La. April 12, 2004) (citing, among other things, Chiasson v. Zapata Gulf Marine Corp., 988 F.2d 513, 517 (5th Cir. 1993)). To permit plaintiff to withhold these

4

materials from discovery would be contrary to the binding authorities cited above and would unnecessarily risk reversal. Other judges of this court, including the presiding district judge in this case, have repeatedly avoided the error plaintiff's position risks by requiring production of a party's statements and surreptitiously recorded surveillance materials upon request and before the party is deposed. See Robertson v. National Ry. Passenger Corp., 1999 U.S. Dist. Lexis 8150 (E.D. La. 1999 (Africk, M.J.); Cosse v. Albert & Judy, Inc., 1994 WL 594264 (E.D. La. 1994) (Judge Feldman upholding then Magistrate Judge Africk) and other cases cited by defendant at Record Doc. No. 21-2 p. 10.

    Plaintiff has wholly failed to make the particular and specific demonstration of fact required by Terra to support issuance of the protective order it seeks. The argument made in plaintiffs' motion papers that defendant will "tailor his testimony" or "craft" what he hereafter says based on his review of the materials, Record Doc. No. 25 at pp. 3, 4 n. 5 and Record Doc. No. 19-3 at p. 8, is precisely the kind of stereotyped and conclusory statement found insufficient to support a protective order in In re Terra. No evidence related to Ditta himself, no empirical data, no generalized behavioral studies have been submitted to establish that the truth is more likely to be obtained from defendant in his deposition testimony and interrogatory answers if these surreptitiously recorded materials, many of which appear to be years-old, are withheld as opposed to being produced. I cannot conclude that a person will automatically lie to conform today's testimony to yesterday's recording or statement.

On the contrary, a fuller, clearer, less confusing and more illuminating deposition, including any explanations defendant might make about what is contained in the secretly made recordings, will undoubtedly result if production is required before deposition. For reasons similar to those expressed by Judges Bard, Lay and Nordbye – which I previously quoted in <u>Vinet</u>, 2004 WL 3312007, *3 – I reject the unsubstantiated view that the withholding of one party's statements or surveillance of him obtained by the agents of the opposing party is a better way to find the truth than complying with the disclosure requirements contained in Fed. R. Civ. P. 26(b)(3)(C) and binding Fifth Circuit precedent such as <u>Miles</u> and <u>Chiasson</u>.

Plaintiffs' reliance on the Fifth Circuit's decision in <u>Miles</u> is particularly misplaced. As I detailed in <u>Vinet</u>, 2004 WL 3312007, *3, the <u>Miles</u> court recognized that a trial court has "some latitude" to order discovery in the sequence requested in this case by the Center. <u>Miles</u>, 753 F.2d at 1351. However, Judge Rubin in <u>Miles</u> repeatedly described the failure of the trial court to require production of a party's prior statement upon request as <u>error</u>. Reversal in <u>Miles</u> was avoided only because the error in that particular case was found to be harmless – but it was error nonetheless – an error these motions offer this court the opportunity to avoid; thus justifying Judge Rubin's statement in <u>Miles</u> that he was "confident that . . . district judges will heed the mandate [of Rule 26(b)(3)] in the future." <u>Id</u>. at 1353.

Civil discovery is not a game of "gotcha" or a cable television reality program featuring secretly made recordings of its subjects. Like trial itself, civil discovery is a search for the truth requiring all parties to put their cards on the table before trial, so that the action may be determined or settled openly, honestly and with full knowledge of the material evidence. Accordingly, **IT IS ORDERED** that defendant's motion is GRANTED, and plaintiffs' motion is DENIED IN SUBSTANTIAL PART AND GRANTED IN LIMITED PART in that, pursuant to Fed. R. Civ. P. 26(d)(2), the discovery that is the subject of these motions must proceed as follows:

No later than **November 1, 2013**, plaintiffs must produce to defendant any and all electronic recordings and narratives evidencing defendant's prior statements in response to defendant's discovery requests propounded on or about August 8, 2013, and must provide defendant with new written discovery responses clearly stating, without objection, that they have done so.

No later than **November 8, 2013**, defendant must provide plaintiffs with full, complete and verified supplemental written answers to plaintiffs' Interrogatories Nos. 3, 4, 5, 11 - 17 and his written response to Request for Production No. 1, including the actual production of all non-privileged materials responsive to Request No. 1.

Immediately upon receipt of this order, counsel for both sides must meet and confer and schedule all remaining depositions, which must commence no earlier than **November 15, 2013** (i.e. one week after completion of the discovery ordered above).

In his opposition to plaintiffs' motion, Record Doc. No. 26 at p. 10, but nowhere that I see in his own motion, defendant appears to seek an award of fees and costs incurred in connection with these issues. Under this odd circumstance, **IT IS ORDERED** that, if defendant seeks sanctions in connection with these motions, he must file a new motion, noticed for submission under Local Rule 7.2 and setting out the amount sought and the reasons for any such request, supported by his counsel's affidavit(s) and in the manner required by Local Rule 54.2. Otherwise, no sanctions will be awarded.

New Orleans, Louisiana, this ___28th___ day of October, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE