UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, INC. ET AL. | CIVIL ACTION |
| VERSUS | NO. 13-511 |
| GERALD DITTA | SECTION "I" (2) |

### ORDER AND REASONS ON MOTION

Defendant's Motion for Reasonable Attorney Fees Under Rule 37(a)(5) Incurred in Connection with Plaintiff's Improper Withholding of Defendant's Statements, Record Doc. No. 38, is currently pending before me. Plaintiffs filed a timely opposition memorandum, Record Doc. No. 45, and defendant was granted leave to file a reply, Record Doc. No. 50. Having considered the written submissions of the parties, the record and the applicable law, IT IS ORDERED that the motion is GRANTED.

In this motion, defendant seeks $5,865.00 in attorneys' fees as the reasonable fees incurred in filing his motion to compel and opposing plaintiffs' related motion for a protective order addressed in my previous order. Record Doc. No. 36. For the following reasons, I find that the requested amounts are reasonable and that plaintiffs' position in connection with these motions was not substantially justified.

The lodestar method is routinely used to determine attorney's fee awards in federal civil actions and applies in this case brought under a federal statute. Under the lodestar method,

> [t]he determination of a fees award is a two-step process.  First the court calculates the "lodestar[,]" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in Johnson v. Georgia Highway Express, Inc.,[1] 488 F.2d 714, 717-19 (5th Cir. 1974)[, abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)].

Jimenez v. Wood Cnty., 621 F.3d 372, 379-80 (5th Cir. 2010) (citations omitted). "The lodestar may not be adjusted due to a Johnson factor, however, if the creation of the lodestar award already took that factor into account." Heidtman v. County of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 319-20 (5th Cir. 1993)). "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized." Abrams v. Baylor Coll. of Med., 805 F.2d 528, 535 (5th Cir. 1986) (quotation omitted); accord Phila. Indem. Ins. Co. v. SSR Hospitality, Inc., 459 F. App'x 308, 317 (5th Cir. 2012); Riley v. City of Jackson, 99 F.3d 757, 760 (5th Cir. 1996).

---

[1] The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. Johnson, 488 F.2d at 717-19.

Applying the foregoing standards, I find that the hourly rates of $150 per hour for Donald McKay, a seasoned litigator with 29 years of experience, and $125 per hour for Mia Scoggin, a one-year associate, both of whom worked on this matter for defendant, are well within (and even low or modest when compared to) the range of rates found to be reasonable in other decisions of this court. See Thompson v. Connick, 553 F.3d 836, 868 (5th Cir. 2008)(approving hourly rates of $202 to $312 for experienced attorneys and $67 to $112 for paralegals as "at the upper range of what was reasonable in the" Eastern District of Louisiana from 2003 to 2007); Ranger Steel Servs., LP v. Orleans Materials & Equip., Co., No. 10-112, 2010 WL 3488236, at *1, *3 (E.D. La. Aug. 27, 2010) (Barbier, J.) (awarding the rates charged by New Orleans co-counsel of $360 in 2009 and $395 in 2010 for highly experienced partner's work); Braud v. Transp. Serv. Co., No. 05-1898, 2010 WL 3283398, at *15 (E.D. La. Aug. 17, 2010) (Knowles, M.J.) (hourly rates of $200 for attorney with 30 years of experience and $75 for paralegal "are within the low end of the range of the market rate in this area and . . . are reasonable"); Combe v. Life Ins. Co., No. 06-8909, 2008 WL 544547, at *3 (E.D. La. Feb. 27, 2008) (Livaudais, J.) (awarding $250 per hour for attorneys who had practiced for more than 20 years in the relevant legal field and $70 per hour for paralegal work).

I also find that the number of hours spent by the lawyers on this particular task, which included research and briefing related to two separate motions and review and response to numerous exhibits, was reasonable and appropriate. As reflected in the

descriptions contained in the billing statements themselves, the resulting numbers of hours spent by the lawyers on this matter included minimal duplication of effort in connection with the motion papers. As appropriate for a lawyer of only one year's experience, Scoggin did the lion's share of research and writing on both motions, accounting for 36 hours. Equally appropriate were the 9.10 hours of supervision, review and overall management applied by McKay, amounting to precisely the kind of reasonable oversight to be expected from a more experienced mentor supervising the work of a younger lawyer. In these circumstances, I find no reason to reduce the number of hours attributed to these tasks.

Thus, the lodestar amount in this instance is $150 per hour multiplied by 9.1 hours for McKay and 36 hours multiplied by $125 per hour for Scoggin for a total of $5,865.00.

Plaintiffs argue that no award of fees should be made to defendant in this case because their position asserted in connection with the underlying motions was "substantially justified" under Fed. R. Civ. P. 37(a)(5)(A)(iii). I disagree. I recognize, as plaintiffs note in their opposition memorandum, that some judges of this court have occasionally permitted parties to withhold clearly discoverable materials until after the party entitled to receive those materials has been deposed, apparently acting within the narrow range of "some latitude" to do so permitted in Miles v. M/V Mississippi Queen, 753 F.2d 1349, 1351 (5th Cir. 1985). Doing so in the circumstances presented in this case, however, involving plaintiffs' surreptitious recording of defendant's statements years ago, would have been error of the type also plainly proclaimed in Miles. See id. at 1352 ("Error

-4-

there was, . . ."). Contrary to the statement at the end of footnote 7 of plaintiffs' opposition memorandum, Record Doc. No. 45 at p. 7, the Fifth Circuit has clearly held that stereotyped and conclusory reasons do <u>not</u> establish "good cause" supporting entry of a protective order of the sort sought by plaintiffs here. <u>In re Terra, International Inc.</u>, 134 F.3d 302, 305-06 (5th Cir. 1998). In my view, plaintiffs' stereotyped and conclusory desire to obtain defendant's "unrefreshed recollection" concerning statements they secretly recorded years ago is no different than the movants' stereotyped and conclusory interest in "obtaining the witness's raw reactions" rejected by the Fifth Circuit in <u>Terra</u>. <u>Id.</u> at 305.

For the foregoing reasons, plaintiffs must pay defendant $5,865.00 to reimburse defendant for reasonable fees incurred in connection with the underlying motions. Fed. R. Civ. P. 37(a)(5).

New Orleans, Louisiana, this   22nd   day of November, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE